**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VERMAINE BURNS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-cv-01231** |
| | ) | |
| **KIM R. HELPER et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Pro se plaintiff Vermaine Burns' Complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2). Upon conducting this review, for the reasons explained herein, the Court will dismiss the Complaint (Doc. No. 1) in its entirety and deny as moot Plaintiff's Motion for Stay (Doc. No. 2).

## I.      Initial Review

Because Plaintiff proceeds in forma pauperis, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II.  Factual Allegations and Claims for Relief

Plaintiff names the following as defendants: Kim R. Helper, District Attorney for Williamson County, Tennessee; Williamson County Criminal Court Judge James G. Martin, III; Tennessee Court of Criminal Appeals Judges Thomas T. Woodall, Robert L. Holloway, and Timothy L. Easter; the Columbia, Tennessee Police Department; and the State of Tennessee. Plaintiff asserts that these Defendants have violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution by "presenting a fraud upon the court," which he seeks to vindicate under 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1 at 2.) He also seeks a "writ of

prohibition" under 28 U.S.C. § 1651(a) "to prohibit further enforcement of the judgment by the state of Tennessee and the Columbia Police Department." (*Id.*)

In support of these claims, Plaintiff provides a lengthy narrative of his legal difficulties and the irregularities in the judicial proceedings against him, beginning in 2012. He was indicted by a Williamson County Grand Jury on February 13, 2012 on four counts of solicitation to commit Aggravated Statutory Rape of a minor child by an adult; two counts of attempted solicitation to commit Sexual Exploitation of a Minor; one count each of solicitation to commit Especially Aggravated Sexual Exploitation of a Minor; and one count of exploitation of a minor by electronic means. (*See* Indictment, Doc. No. 2 at 2–7.)

Plaintiff alleges that, even before being charged with these crimes, Defendant Helper asked the judge presiding over the case to place Plaintiff on the sex offender registry,[1] and the judge granted the motion. As a result, Plaintiff was "harassed by the Columbia Police Department" and arrested for stopping at a Dollar General Store by an officer who told him he "shouldn't even be shopping near a school." (Doc. No. 1 at 4.) That case was later dismissed.

After he was indicted on the sexual offenses identified above, it took many months and many court appearances before the case proceeded to trial. Because of the many pretrial court appearances, Plaintiff became confused about one of the court dates and showed up the day after he was supposed to appear on one occasion. The judge charged him with failure to appear and sentenced him to serve 52 weekends in jail, which Plaintiff believes was excessive. In addition,

---

[1] Although not expressly invoked in the Complaint, Plaintiff's claims clearly arise under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("Sex Offender Registration Act"), as amended, Tenn. Code Ann. §§ 40-39-201 through -218. Among many other requirements, the Act requires any individual who meets the statutory definition of a sexual offender to register as such in a state-maintained database. *See* Tenn. Code Ann. §§ 40-39-203, -204.

because he already was on the sex offender registry at that time, despite not having been convicted, he had to serve those weekends on twenty-four hour lockdown with one hour each day for exercise.

Plaintiff alleges that, when the criminal case against him finally went to trial, the proceedings were plagued by errors and inequities. The state did not release his file to his attorney until shortly before trial, leading to ineffective assistance of counsel. The judge and the district attorney intimidated his defense attorney during trial. Plaintiff was held in custody an excessive amount of time before the charges against him were brought to trial; he was not allowed to confront his accuser; he was denied the right to cross-examine a witness and was not allowed to present relevant evidence. Finally, before the jury was sent out to deliberate following the three-day trial, "the district attorney stood up and stated that she was buying all of the jurors dinner, and that she really needed their support in this case." (*Id.* at 7.) The plaintiff believes that "there was a great deal of unfairness which violated [his] due process rights." (*Id.*)

Plaintiff was apparently convicted in 2014 on at least some of the charges, though he does not identify which ones. His conviction was affirmed on direct appeal. *State v. Burns*, No. M2014-00357-CCA-R3-CD, 2015 WL 2105543 (Tenn. Crim. App. May 5, 2015). Judge Robert L. Holloway, Jr. delivered the appellate court's opinion, joined by Judges Thomas T. Woodall and Timothy L. Easter. *Id.* at *1. The appellate opinion identifies James G. Martin, III, Williamson County Circuit Court Judge, as the trial court judge. *Id.* All four of these judges are named as Defendants in this case. Plaintiff alleges that, during his appeal of the conviction, the trial judge who had presided over his case was appointed to the Tennessee Court of Criminal Appeals, participated in the appeal, and "affirmed his own judgment of conviction." (Doc. No. 1, at 8.) Plaintiff claims that he noticed this while incarcerated and "began to request paperwork from the court. The clerk's office caught on to what I was doing and changed the signature to a different

judge." (*Id.*) The judge refused to recuse himself from the appeal and affirmed his own judgment.[2] Plaintiff alleges that, "[b]ecause of the wrongful conduct of the district attorney and trial judge, [he has] been subjected to cruel and unusual punishment in violation of the U.S. Constitution." (*Id.*)

Plaintiff does not indicate when he began to serve his sentence, but he was released from custody after serving three years and four months in prison, "which flattened the sentence with no parole." (*Id.* at 8.) In other words, he is no longer in custody. He is, however, a "sexual offender" as defined by the Sex Offender Registration Act. As such, he is required to comply with the Act's registration and other requirements. Plaintiff alleges that, as a result of these requirements, he is having ongoing difficulty finding a job and a place to live. (Doc. No. 1, at 8.)

Specifically, under the heading "Statement of the Case," Plaintiff states that a representative of the Columbia Police Department called his mother's home on October 17, 2018, to tell him he had to move, because the house is too close to a playground. (*Id.*)

Plaintiff seeks damages based on the following:

(1) "These Defendants, acting under color of state law, placed the Plaintiff on the sex offense registry before being brought to trial, or being charged or convicted of a sexual offense, in violation of state law" (*id.*);

(2) bias by the trial judge in granting four continuances requested by the state and denying the one continuance requested by the plaintiff;

(3) abuse of discretion by the trial judge by binding the case over to the grand jury despite

---

[2] Trial judge James Martin remains a trial judge for Tennessee's 21st Judicial District, which includes Williamson County. Judge Easter was appointed to the Tennessee Court of Criminal Appeals in 2014 and, prior to that appointment, was a Williamson County Circuit Court Judge. There is no indication in Plaintiff's filings or the public record that Judge Easter ever presided over Plaintiff's trial or that Judge Martin was ever appointed as an appellate court judge.

the absence of probable cause and without conducting a preliminary hearing;

(4) the indictment was void for vagueness and failing to identify the supposed victim;

(5) the trial judge and prosecutor conspired to intimidate Plaintiff's defense attorney, which hindered her performance and resulted in the ineffective assistance of counsel;

(6) the trial judge and prosecutor were biased against Plaintiff's attorney because she was a member of the Nashville Bar rather than the Franklin Bar;

(7) Plaintiff's counsel was not allowed to examine one of the witnesses and Plaintiff was not allowed to confront his accuser;

(8) Plaintiff was denied the right to fair review on appeal, since the trial judge presided over the appeal as well; and

(9) the" sex offenders statute" is unconstitutional insofar as it prevents Plaintiff from obtaining employment as an electrician even though he has served his sentence.

For relief, Plaintiff requests damages as well as a stay "to prevent further enforcement of the trial court's judgment pending a final disposition in this court on this complaint for damages and writ of prohibition; and all other and further relief the court believes to be appropriate." (Doc. No. 1 at 10.)

## III. Analysis

Plaintiff brings suit for violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985. The only defendants named in this action are District Attorney Kim Helper, four state court judges, the Columbia Police Department, and the State of Tennessee.

### A. Habeas Relief

As an initial matter, the Court notes that, to the extent Plaintiff seeks to challenge his state court conviction on the grounds that the conviction itself violated his federal constitutional rights—

based on such claims as ineffective assistance of counsel, prosecutorial misconduct, and the general denial of the right to due process—the sole available procedure for doing so is through the filing of a petition for the writ of habeas corpus under 28 U.S.C. § 2254. To be eligible to file a habeas petition under Section 2254, Plaintiff must actually be in custody, and he must follow the requirements enumerated in Section 2254 and the Rules Governing § 2254 Cases, including by exhausting all available state court remedies and by filing his habeas petition within the statute of limitations set forth in 28 U.S.C. § 2244(d).

Because it is unclear whether Plaintiff remains in custody for purposes of the habeas statute merely as a result of his continued listing on the sex offender registry, and because it appears from his current Complaint both that Plaintiff did not exhaust state court remedies by pursuing post-conviction relief in the state courts and that the statutes of limitations for doing so and for filing a Section 2254 petition have long-since expired, the Court will not recharacterize the Complaint as a habeas petition.[3]

## B. Immunity from Suit

### 1. *Judicial Immunity*

Plaintiff's Section 1983 claims against Judge Martin, the trial judge, are based on allegations of the denial of due process resulting from the trial judge's bias and abuse of discretion during his trial, his entry of an order placing Plaintiff on the sex offender registry prior to his conviction, and his alleged participation in the appellate review of Plaintiff's case after the judge's appointment to the Tennessee Court of Criminal Appeals. The claims against the appellate judges

---

[3] A district court may on its own initiative recharacterize a pro se pleading, irrespective of its original designation by the litigant, provided it gives notice to the litigant of potential adverse collateral consequences, but is not required to do so. *Young Bok Song v. Gipson*, 423 F. App'x 506, 509 (6th Cir. 2011).

appear to be based on Plaintiff's allegations that he "was denied the right to a fair review on appeal when the circuit judge that granted the appeal, reviewed the case on direct appeal as an appellate judge." (Doc. No. 1, at 9.)

Regardless, as state court judges, these Defendants are generally entitled to absolute judicial immunity from suit for damages. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Consequently, judicial immunity is not overcome by allegations of bad faith, malice, or corruption. *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Rather, judicial immunity may only be overcome in cases where (1) the actions upon which suit is based were not taken in the judge's judicial capacity; or (2) the judge's actions, though judicial in nature, where taken in the complete absence of all jurisdiction. *Id.* at 11–12 (citations omitted); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took . . . was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." (internal quotation marks and citation omitted)).

The actions at issue—the trial judge's improper conduct during trial and the appeal and the issuance of orders Plaintiff believes were contrary to law—were clearly judicial in nature and taken in the judges' judicial capacity. Plaintiff does not allege facts suggesting that any of the actions were taken in the "clear absence of all jurisdiction." Even if it could be argued that the trial judge exceeded his authority by ordering Plaintiff's placement on the sex offender registry prior to his conviction, the judge did not act in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357. Likewise, Plaintiff's assertion that the trial judge participated in the appeal of Plaintiff's conviction would not deprive him of all jurisdiction. The Complaint contains no allegations suggesting that

Judges Woodall, Holloway, or Easter lacked appellate jurisdiction over the case. Thus, the Complaint does not allege that any of these Defendants engaged in actions in the clear absence of jurisdiction. The Court therefore finds that the judicial Defendants are entitled to absolute judicial immunity from suit for damages, and the damages claims against them are subject to dismissal for that reason.

To the extent Plaintiff seeks injunctive relief in the form of a request that the Court "stay further enforcement of the aggrieved judgment from the Williamson County Circuit Court . . . under the sex offenders statute, pending a final disposition in this court on the accompanying complaint for damages and application for writ of prohibition, on grounds that the judgment is a fraud upon the court," such relief would not necessarily be barred by judicial immunity, but it is barred by 42 U.S.C. § 1983 and by the fact that the Complaint fails to state a claim for which such relief may be granted.

First, Section 1983 provides that "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff has not sought declaratory relief against the judges or shown that such relief is unavailable.

Second, Plaintiff has no basis for seeking prospective injunctive or declaratory relief against the trial court judge or appellate court judges, under Section 1983 or otherwise. His conviction is final, and Plaintiff has not shown that there remains any action pending before the judicial Defendants. In addition, regarding the appellate judges, Plaintiff does not allege that these defendants have taken any action, or failed to take any action, in their judicial capacity or otherwise, upon the basis of which a claim under Section 1983 could be brought against them. All claims against all judicial defendants are therefore subject to dismissal with prejudice.

### 2. *Prosecutorial Immunity*

State prosecutors are entitled to absolute prosecutorial immunity from Section 1983 suits for damages when they act within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). The Sixth Circuit has recognized that prosecutorial immunity is "[d]erivative of the immunity afforded judges" and that it is "not predicated upon status, titles, or special regard for a particular branch of government" but, instead, "on public policy considerations, particularly the concern that 'harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decision instead of exercising the independence of judgment required by his public trust.'" *Rouse v. Stacy*, 478 F. App'x 945, 947 (6th Cir. 2012) (quoting *Imbler*, 424 U.S. at 423). On the other hand, actions taken by prosecutors in their administrative or investigative capacity or that are not "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, are entitled only to qualified immunity rather than absolute. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

In this case, Plaintiff's allegations against Assistant District Attorney Kim Helper all concern Helper's activities in court during the judicial phase of the proceedings against Plaintiff, including her filing of a motion to have Plaintiff placed prematurely on the sex offender registry, her bias against him in court, and her efforts to intimidate his defense attorney during his trial. The Court finds, based on the allegations in the Complaint, that Helper is entitled to absolute prosecutorial immunity. The claims against her will be dismissed with prejudice on that basis.

### 3. *Sovereign Immunity*

Very broadly construed, the Complaint appears to seek injunctive relief against the State of Tennessee to preclude the enforcement of the Sex Offender Registration Act, Tenn. Code Ann. §§ 40-39-201 through -218, on the basis that it violates Plaintiff's constitutional rights. The State

of Tennessee, however, is absolutely immune from suit in this Court under the Eleventh Amendment, whether for damages or injunctive relief, unless one of three exceptions applies. *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986); *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). These three exceptions are: (1) when the State has consented to suit; (2) when the exception first set forth in *Ex parte Young*, 209 U.S. 123 (1908), applies; and (3) when Congress has properly abrogated the State's immunity. *S&M Brands*, 527 F.3d at 507. Congress did not abrogate the sovereign immunity of states by passing Section 1983, and the State of Tennessee has not consented to a suit such as this one either expressly or by implication. Tenn. Code Ann. § 20-13-102(a); *Berndt*, 796 F.2d at 881 (citations omitted). Plaintiff's invocation of 28 U.S.C. § 1651(a) does not affect this result, because Section 1651 does not confer jurisdiction. *In re Life Invs. Ins. Co. of Am.*, 589 F.3d 319, 330 (6th Cir. 2009).

The *Ex Parte Young* exception may apply when a state official (rather than the state itself) is sued in his or her official capacity for prospective injunctive relief, but, in this case, Plaintiff has not identified an appropriate state official or articulated the basis for suing that state official. Notably, the *Ex Parte Young* exception "does not reach state officials who lack a 'special relation to the particular statute' and '[are] not expressly directed to see to its enforcement.'" *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015) (quoting *Young*, 209 U.S. at 157).

The Court will dismiss the claims against the State of Tennessee on the basis of sovereign immunity, but without prejudice to Plaintiff's ability to bring suit against the appropriate state official for prospective injunctive relief, asserting a plausible claim that enforcement of the Sex Offender Registration Act violates his constitutional rights.

### C.     Failure to State a Claim – The Columbia Police Department

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the federal Constitution or laws and (2) show that the violation was committed by a person acting under color of state law. *Wershe v. Combs*, 763 F.3d 500, 504–05 (6th Cir. 2014). By its terms, § 1983 applies only to "persons" acting "under color of" state law.

As an initial matter, the Court notes that the Columbia Police Department is not a person or entity subject to suit. Rather it is a political subdivision or unit of the city of Columbia, Tennessee. *See Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." (collecting cases)). The claims against the police department are subject to dismissal on that basis alone.

Even if the Court were to construe the claims against the police department as having been brought against the City of Columbia instead, they would still be subject to dismissal. While Columbia, the municipality, is a suable entity, it may be responsible under Section 1983 only for its "*own* illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations and quotation marks omitted). Thus, a municipality may be liable under Section 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of

its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

In this case, Plaintiff first alleges that he was "harassed by the Columbia Police Department," when improperly placed under arrest for shopping at a Dollar General Store. (Doc. No. 1, at 4.) Construing these allegations broadly in favor of Plaintiff, the Court understands that Plaintiff was harassed and wrongfully arrested by a single individual policeman acting under color of law. Plaintiff has not sued this officer in his individual capacity and does not allege that the officer was acting pursuant to a policy adopted by Columbia. Plaintiff does not allege that Columbia or the Columbia Police Department has a policy of harassment. Thus, even if Plaintiff might have arguably stated a claim against one or more individual police officers, these allegations do not state a colorable claim based on a municipal policy.[4]

Plaintiff also alleges that a representative from the Columbia Police Department called his mother's home in October 2018 and told him that he needed to move, "due to a conflict with my

---

[4] The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a). *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The alleged harassment by Columbia police officers appears to have taken place in 2011 or 2012, before Plaintiff was indicted. Any Section 1983 claims Plaintiff might have against the Columbia Police Department or individual officers employed by that department based on events that took place in 2011 or 2012 would be time-barred.

residence and the state law regarding a playground within the prohibited area." (Doc. No 1, at 8.) The Court construes the Complaint as asserting that the Columbia Police Department violated Plaintiff's constitutional rights by enforcing a provision of the Sex Offender Registration Act that prohibits any convicted sex offender subject to the Act's requirements from "knowingly establish[ing] a primary or secondary residence or any other living accommodation . . . within one thousand feet . . . of the property line of any . . . public park, playground, recreation center, or public athletic field available for use by the general public." Tenn. Code Ann. § 40-39-211(a)(1) (effective July 1, 2018).[5]

Although Plaintiff may have a facially non-frivolous claim regarding the constitutionality of the residential restrictions incorporated into the Sex Offender Registration Act, the Complaint cannot be construed as asserting a claim based upon a municipal policy established by the city of Columbia. Rather, Plaintiff challenges the constitutionality of a state statute, and the appropriate defendants to answer such claims are those state officials charged with enforcing that statute. *See, e.g.*, *Doe v. DeWine*, 99 F. Supp. 3d 809, 817–20 (S.D. Ohio 2015) (allowing challenges to the constitutionality of Ohio's sex offender registration statute to proceed against county sheriff in his official capacity, acting as an "arm of the state" for purposes of enforcing the state statute, and against the superintendent of Ohio's Bureau of Criminal Identification and Investigation and the state attorney general, based on the obligations imposed upon them by state law to enforce the statute). Chief Judge Crenshaw of this Court has held that Mark Gwyn, in his official capacity as Director of the Tennessee Bureau of Investigation, is an appropriate defendant to answer to

---

[5] Several provisions of the Sex Offender Registration Act, including this residential restriction, are challenged as unconstitutional in two lawsuits presently pending in this Court before the Honorable Eli Richardson. *Doe v. Haslam*, Nos. 3:16-cv-2862, 3:17-cv-0264 (M.D. Tenn.).

challenges regarding the constitutionality of Tennessee's Sex Offender Registration Act, even though other appropriate officials may also exist. *Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *10 (M.D. Tenn. Nov. 9, 2017) (Crenshaw, C.J.).

Accordingly, the Court finds that the challenges to the enforceability of the Sex Offender Registration Act, even if construed as brought against the city of Columbia rather than the Columbia Police Department, must be dismissed. Dismissal of these claims will be without prejudice to Plaintiff's ability to bring suit against the appropriate state official or officials, in their official capacity (and seeking prospective injunctive relief only), to challenge the constitutionality of Tenn. Code Ann. § 40-39-211(a)(1) or other provisions of the Sex Offender Registration Act.

## IV.     Conclusion and Order

For the reasons set forth herein, this case will be dismissed in its entirety, and all pending motions will be denied as moot. An appropriate order is filed herewith.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE