UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERMAINE M. BURNS,<br><br>        Plaintiff,<br><br>v.<br><br>KIM R. HELPER, et al.,<br><br>        Defendants. | Case No. 3:18-cv-01231<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., District Judge

**REPORT AND RECOMMENDATION**

The sole remaining defendant in this civil rights action, Tennessee Attorney General Herbert Slatery, III, has moved to dismiss pro se Plaintiff Vermaine M. Burns's amended complaint. (Doc. No. 19.) As construed by this Court's prior order, the amended complaint challenges the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (Sex Offender Registration Act), Tenn. Code Ann. §§ 40-39-201, et seq., as applied to Burns and seeks declaratory and injunctive relief. (Doc. No. 14.) Slatery argues under Federal Rule of Civil Procedure 12(b)(6) that Burns has failed to state a claim upon which relief may be granted. (Doc. No. 20.) In response, Burns has filed a motion for leave to amend and a proposed second amended complaint. (Doc. Nos. 22, 23.) Slatery opposes Burns's motion to amend, arguing that the proposed amendments would be futile. (Doc. No. 28.) For the reasons that follow, the Magistrate Judge will recommend that the Court deny Burns's motion to amend and grant Slatery's motion to dismiss.

**I.     Background**

   **A.     Factual Background**

The Court set out the facts of this case when it screened Burns's original complaint under 28 U.S.C. § 1915(e)(2), as is required in actions where the plaintiff appears *in forma pauperis*.[1] (Doc. No. 4.) On February 13, 2012, a grand jury in Williamson County, Tennessee, indicted Burns on four counts of solicitation to commit aggravated statutory rape of a minor child by an adult, two counts of attempted solicitation to commit sexual exploitation of a minor, one count of solicitation to commit especially aggravated sexual exploitation of a minor, and one count of exploitation of a minor by electronic means. (*Id.*) Burns alleges that, even before he was tried on these charges, the

---

[1]     The operative pleading in this action is Burns's first amended complaint, filed on January 10, 2019, at the Court's direction. (Doc. No. 9.) An amended pleading typically "supersedes the pleading it modifies" such that "the original pleading no longer performs any function in the case . . . ." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. updated Aug. 2019). However, in light of the leniency afforded to pro se litigants at the pleading stage, courts have the discretion to construe amended pleadings in conjunction with past pleadings in some circumstances. *See Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017) (construing pro se plaintiff's complaints together where plaintiff "likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her [to] relief"); *Bailey v. Deutsche Bank Nat'l Tr. Co.*, No. 1:18-cv-0754, 2018 WL 6164337, at *1 (N.D. Ga. Oct. 29, 2018) (construing pro se plaintiffs' "second amended complaint in conjunction with the facts alleged in their original complaint" "in keeping with the liberal construction of *pro se* pleadings"); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Use of that discretion is warranted here. The Court directed Burns to file "an amended complaint identifying the Tennessee Attorney General in his official capacity as a defendant in this action with respect to the claim that the Sex Offender Registration Act, as actually being enforced against him, violates [Burns]'s constitutional rights." (Doc. No. 8, PageID# 52.) Burns's amended complaint names Attorney General Slatery and summarizes the factual allegations raised in his original complaint. The core factual allegations material to his legal claims have not changed, but certain details are omitted in the amended pleading. Thus, the Court will liberally construe Burns's amended complaint with his original pleading where those allegations are necessary to understand the amended pleading. *See White v. DeMarco*, Civ. Action No. 17-1623, 2018 WL 1696563, at *2 (D. Md. Apr. 6, 2018) (construing plaintiff's amended pleading to incorporate the original pleading where amended complaint "include[d] allegations that overlap[ped] with the initial Complaint, but [was] organized in a different way and omit[ted] certain parts").

trial judge placed Burns's name on Tennessee's sex offender registry. (*Id.*; Doc. No. 9.) Burns further alleges that the trial judge and prosecuting attorney intimidated his defense lawyer and that the trial judge showed bias and prejudice against his lawyer and "rejected" her "attempt to examine one of the prosecuting witnesses at trial" (Doc. No. 9, PageID# 54, ¶ 4).

Burns was convicted as charged, and his conviction was affirmed on direct appeal. *State v. Burns*, No. M2014-00357-CCA-R3-CD, 2015 WL 2105543, at *10, *15 (Tenn. Crim. App. May 5, 2015). Burns served a prison sentence and has since been released. (Doc. Nos. 4, 9.) He continues to be registered as a sex offender and is required to comply with the Sex Offender Registration Act's residency restrictions, among other requirements. (Doc. No. 9.) This provision of the Sex Offender Registration Act states that:

> no sexual offender . . . shall knowingly establish a primary or secondary residence or any other living accommodation . . . within one thousand feet (1,000') of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center, or public athletic field available for use by the general public.

Tenn. Code. Ann. § 40-39-211(a)(1). Burns alleges that he "has been notified and instructed by the Columbia Police Department to move from his mother's home, with a specified time period to comply, because . . . a children's playground is close to [his] mother's home[.]" (Doc. No. 9, PageID# 54, ¶ 8.)

### B. Procedural History

#### 1. Burns's Original Complaint

Burns initiated this action on November 2, 2018. (Doc. No. 1.) His original complaint named as defendants the state-court judge and prosecuting attorney involved in his criminal trial; three Tennessee Court of Criminal Appeals judges; the Columbia, Tennessee Police Department; and the State of Tennessee. (*Id.*) Burns alleged violations of his rights under the Fifth and Fourteenth Amendments to the United States Constitution by way of 42 U.S.C. §§ 1983 and 1985.

3

(*Id.*; Doc. No. 4.) He also sought a "'writ of prohibition' under 28 U.S.C. § 1651(a) 'to prohibit further enforcement of the [conviction] by the state of Tennessee and the Columbia Police Department.'" (Doc. No. 4, PageID# 24–25 (quoting Doc. No. 1, PageID# 2).) Burns asked for damages, injunctive relief, and any other remedy that the Court deemed appropriate. (Doc. No. 1.)

On November 29, 2018, the Court screened Burns's complaint under 28 U.S.C. § 1915(e)(2) and dismissed all of his claims. (Doc. No. 4.) The Court found that, to the extent Burns sought to challenge his state-court conviction on the grounds that it violated his federal constitutional rights, his sole avenue for doing so was through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (*Id.*) The Court also found that, because it was "unclear whether [Burns] remain[ed] in custody for purposes of the habeas statute merely as a result of his continued listing on the sex offender registry" and because it appeared that Burns "did not exhaust state court remedies by pursuing post-conviction relief in the state courts[,]" the Court would "not recharacterize [Burns's] [c]omplaint as a habeas petition." (*Id.* at PageID# 29.) Turning to Burns's claims under 42 U.S.C. §§ 1983 and 1985, the Court found that the four state-court judges Burns named as defendants were entitled to absolute judicial immunity from claims for damages and that Burns had failed to state claims against them for injunctive relief. (Doc. No. 4.) The Court also dismissed Burns's claims against the prosecutor on the grounds of prosecutorial immunity. (*Id.*) The Court found that Burns failed to state a claim against the Columbia Police Department. (*Id.*) Finally, the Court found that the State of Tennessee was entitled to sovereign immunity from Burns's claims and dismissed those claims without prejudice to Burns's "ability to bring suit against the appropriate state official for prospective injunctive relief, asserting a plausible claim that enforcement of the Sex Offender Registration Act violates his constitutional rights." (*Id.* at PageID# 33.) The Court noted that, under the exception to sovereign immunity articulated by the

4

Supreme Court in *Ex Parte Young*, 203 U.S. 123 (1908), the "Director of the Tennessee Bureau of Investigation[ ] is an appropriate defendant to answer to challenges regarding the constitutionality of Tennessee's Sex Offender Registration Act" and that "other appropriate officials may also exist." (*Id.* at PageID# 36–37.)

### 2. Burn's Motion for Reconsideration and First Amended Complaint

On December 10, 2018, Burns filed a motion asking the Court to reconsider its screening order and arguing, among other things, that Slatery was an appropriate defendant to answer Burns's constitutional challenge to the Sex Offender Registration Act. (Doc. No. 7.) On December 28, 2018, the Court construed Burns's motion as a motion to amend and granted it. (Doc. No. 8.) The Court agreed that Slatery is an appropriate defendant to Burns's claims under *Ex Parte Young* based on Tennessee law "requir[ing] the Attorney General to be a party defendant in any proceeding where the constitutionality of the Act of the legislature is before the Court on declaratory judgments proceeding." (*Id.* at PageID# 51, 52 (alteration in original) (quoting *Cummings v. Beeler*, 223 S.W.2d 913, 916 (Tenn. 1949)).) The Court directed Burns "to file an amended complaint identifying the Tennessee Attorney General in his official capacity as a defendant in this action with respect to the claim that the Sex Offender Registration Act, as actually being enforced against him, violates [his] constitutional rights." (*Id.* at PageID# 52.) The Court denied Burns's request to reconsider its dismissal of his claims against the original defendants. (Doc. No. 8.)

Burns filed an amended complaint naming Slatery on January 10, 2019. (Doc. No. 9.) Despite the Court's refusal to reconsider its dismissal of Burns's other claims, the amended complaint repeats Burns's allegations of improper bias and ineffective assistance of counsel related to his state-court conviction. (*Id.*) The amended complaint also alleges that the Sex Offender

Registration Act is unconstitutional as applied to Burns. (*Id.*) Burns's only allegations related to this claim are as follows:

> 6. Plaintiff is presently suffering *"ongoing civil disabilities"* by being placed on a sex offenders list and being required to register as required under Tennessee Offender and Violent Sexual Offender Registration, Verification and Tracking Act, Tenn. Code Ann. §§40-39-201 through 218, in violation of the Eight Amendment that prohibits cruel and unusual punishment being inflicted on citizens of the United States;
>
> 7. Plaintiff is unable to obtain meaningful employment because of this Conviction after a background investigation identifies the Plaintiff as a sex offender;
>
> 8. Plaintiff has been notified and instructed by the Columbia Police Department to move from his mother's home, with a specified time period to comply, because of a children's playground is close to the mother's home;
>
> 9. The Tennessee Offender and Violent Sexual Offender Registration, Verification and Tracking Act, Tenn. Code Ann. §§40-39-201 through 218 statutes are repugnant to the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and are unconstitutional;

(*Id.* at PageID# 54, ¶¶ 6–9.)

On January 15, 2019, the Court screened the amended complaint under 28 U.S.C. § 1915(e)(2), found that it stated a colorable claim that the Sex Offender Registration Act is unconstitutional as applied to Burns, and allowed that claim alone to proceed against Slatery in his official capacity under 42 U.S.C. § 1983 "for prospective injunctive and declaratory relief only[.]" (Doc. No. 14, PageID# 76.)

6

Case 3:18-cv-01231    Document 32    Filed 10/24/19    Page 6 of 17 PageID #: 155

### 3. Slatery's Motion to Dismiss, Burns's Motion to Amend, and the Proposed Second Amended Complaint

On March 18, 2019, Slatery filed a motion to dismiss Burns's amended complaint for failure to state a claim on which relief can be granted. (Doc. No. 19.) Slatery argues that he is not a proper defendant under *Ex Parte Young*; that Burns's claims are untimely; that the amended complaint does not seek injunctive relief and Burns may not pursue damages or post-conviction relief; and, finally, that Burns cannot show that the Sex Offender Registration Act is unconstitutional as applied to him. (Doc. No. 20.) In response, Burns filed a motion for leave to amend his complaint, explaining that he wanted "to replace the defendant in this case[.]" (Doc. No. 22, PageID# 112.) Burns also filed a Petition for Writ of Error Coram Nobis naming the State of Tennessee as the respondent, challenging his state-court conviction as unconstitutional and asking the Court to exercise jurisdiction under the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 23.) The petition also incorporates Burns's responses in opposition to Slatery's arguments for dismissal. (*Id.*) The Court construed the petition as Burns's proposed second amended complaint in support of his motion to amend and ordered Slatery to respond. (Doc. No. 24.) Slatery argues that Burns's proposed amendment is futile and should be denied because (1) this Court already determined that the State of Tennessee is immune from Burns's claims; (2) relief under the All Writs Act is not appropriate; and (3) any claims regarding the Sex Offender Registration Act would be untimely. (Doc. No. 28.) Burns's reply confirms that he wants "the Court to revisit the state criminal prosecution" and grant him post-conviction relief. (Doc. No. 30, PageID# 142.)

## II.     Legal Standards

### A.     Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The

Supreme Court has explained that this "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [her] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Consequently, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although the Sixth Circuit "reviews denials of leave to amend only for abuse of discretion," its case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**B.    Motion to Dismiss**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [her to] relief." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the

legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Burns proceeds pro se, the Court construes his filings "liberally" and holds his complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.** **Analysis**

The Court typically analyzes motions to amend independently of motions to dismiss. Here, however, Burns's motion to amend and Slatery's motion to dismiss are sufficiently intertwined that judicial economy and the interests of justice weigh in favor of considering the motions together.

    **A.** **Second Motion to Amend**

The Court dismissed Burns's original claims against the State of Tennessee based on a finding that the State is entitled to sovereign immunity under the Eleventh Amendment from Burns's civil rights claims under 42 U.S.C. §§ 1983 and 1985 and his claim under the All Writs

Act, 28 U.S.C. § 1651(a). (Doc. No. 4.) Nothing in Burns's proposed second amended complaint alters that conclusion. Burns's repeated invocation of the All Writs Act is unavailing because, as the Court has already stated, that statute does not confer jurisdiction. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011). While Burns makes clear that he wants to challenge his state-court conviction, the Court is unable to consider or grant such relief under § 1983 or § 1985; as the Court has previously stated, that relief is only available through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 4.) Finally, while the Court has broadly construed Burns's pleadings to challenge the constitutionality of the Sex Offender Registration Act, the State itself is not the proper defendant to answer that challenge. (*Id.*)

Burns's attempt to amend his complaint a second time to name the State and reframe his claims under the All Writs Act is therefore futile, and his motion to amend should be denied.

### B. Motion to Dismiss the First Amended Complaint

The only claim remaining from Burns's first amended complaint is his constitutional challenge to the Sex Offender Registration Act under 42 U.S.C. § 1983, which names Slatery in his official capacity and seeks declaratory and injunctive relief. (Doc. Nos. 9, 14.) Because Burns fails to plead sufficient factual content to render any of his constitutional claims plausible, his amended complaint should be dismissed for failure to state a claim.

#### 1. Whether Slatery is a Proper Party Under *Ex Parte Young*

Slatery argues that he is not a proper defendant to invoke the *Ex Parte Young* exception to sovereign immunity. (Doc. No. 20.) Specifically, Slatery argues that that he lacks a sufficient connection to the Sex Offender Registration Act because enforcement of the Act "is statutorily tasked to the Tennessee Bureau of Investigation" under Tenn. Code Ann. § 40-39-206(a), and Slatery "is not required either to take or refrain from any action in relation to the Act." (*Id.* at PageID# 103.) But Slatery has not acknowledged or addressed the Court's finding that he is a

proper party under *Ex Parte Young* because Tennessee law requires him "'to be a party defendant in any proceeding where the constitutionality of the Act of the legislature is before the Court on declaratory judgments proceeding.'" (Doc. No. 8, PageID# 51 (quoting *Cummings*, 223 S.W.2d at 916).) Other federal courts interpreting Tennessee law have likewise found that "the state attorney general has been deemed to be the appropriate named party" for claims "challeng[ing] the constitutionality of a state statute and [seeking] to enjoin its enforcement[.]" *Bd. of Educ. of Shelby Cty. v. Memphis City Bd. of Educ.*, No. 2:11-cv-02101, 2012 WL 6003540, at *2 (W.D. Tenn. Nov. 30, 2012), *supplemented by* 2012 WL 6607288 (W.D. Tenn. Dec. 18, 2012). In the absence of any contrary argument or legal authority from Slatery, the Court should decline to depart from its earlier finding that Slatery is a proper defendant to this action.[2]

### 2. Timeliness of Burns's Constitutional Challenge

Slatery next argues that Burns's claim is untimely because Burns filed this action more than one year after he became subject to the Sex Offender Registration Act. (Doc. No. 20.) The statute of limitations governing Burns's § 1983 claim "is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises"; Tennessee law provides for a one-year limitation period. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). It is well established that federal law governs the determination of when a claim accrues under § 1983 and that a claim generally accrues "'when the plaintiff has a complete and present cause of action'" such that he "'can file suit and obtain relief[.]'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar*

---

[2]    Because Slatery failed to argue that this Court's prior analysis was incorrect, that argument may now be deemed waived. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (affirming district court's finding that "[a] claim raised for the first time in objections to a magistrate judge's report is deemed waived").

*Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Slatery argues that Burns's claim accrued no later than May 5, 2015, when the Tennessee Court of Criminal Appeals affirmed his conviction. (Doc. No. 20.) However, Courts in this district have found that plaintiffs challenging the constitutionality of the Sex Offender Registration Act as applied to them may rely on "a 'continuing violation' theory of when their causes of action accrued." *Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *11 (M.D. Tenn. Nov. 9, 2017).

The Sixth Circuit recognizes that a continuing violation of a plaintiff's rights may extend the accrual of a cause of action if three criteria are met:

> First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern . . . . Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiff[ ] must have been avoidable if the defendants had at any time ceased their wrongful conduct.

*Eidson*, 510 F.3d at 635 (alterations in original) (quoting *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). As the court explained in *Doe v. Haslam*, a continuing-violation theory may apply to constitutional claims that challenge a "particular aspect of the Act that prospectively exposes [p]laintiffs to potential criminal liability" and are based "on the threat of significant consequences for future conduct." 2017 WL 5187117, at *14.

Here, Burns alleges that he is "suffering '*ongoing civil disabilities*' by being placed on a sex offenders list and being required to register" under the Act and comply with all of its requirements. (Doc. No. 9, PageID# 54, ¶ 6 (emphasis in original).) He further alleges that the Columbia Police Department has instructed him to move out of his mother's house in order to comply with the Act's requirement that Burns not live within 1,000 feet of a playground. (Doc. No. 9.) In other words, Burns, "on an ongoing and continuing basis, face[s] the very real possibility of criminal prosecution by the State if [he] do[es] not rigidly conform [his] behavior to the requirements of the Act." *Doe v. Haslam*, 2017 WL 5187117, at *13; *see also Doe v. Gwyn*,

No. 3:17-cv-504, 2018 WL 1957788, at *5–6 (E.D. Tenn. April 25, 2018) (applying continuing-violation theory and finding that plaintiff's constitutional challenges to the Sex Offender Registration Act were timely). Burns seeks prospective injunctive relief from this alleged harm.

Slatery has not addressed the relevant continuing violation precedent or provided any contrary authority to support not applying that precedent here. Accordingly, there is no reason to depart from the cases in this district and others that apply a continuing-violation theory to this type of constitutional challenge to the Sex Offender Registration Act. Dismissal is not appropriate on timeliness grounds.

### 3. Requested Relief

Slatery argues that Burns "has not sought injunctive relief" and lacks standing to seek expungement of his conviction and damages. (Doc. No. 20, PageID# 100.) The Court has already broadly construed Burns's amended complaint as requesting declaratory and injunctive relief and has dismissed Burns's claims for any other form of relief. (Doc. Nos. 4, 14.) Slatery offers no argument or authority to support revisiting that analysis. Slatery therefore has not shown that dismissal is warranted on this ground.

### 4. Constitutionality of the Sex Offender Registration Act

Burns's amended complaint alleges that the Sex Offender Registration Act violates his rights under the Sixth, Eighth, and Fourteenth Amendments. (Doc. No. 9.) Even construing the pleadings in the light most favorable to him, Burns has not shown that any of his constitutional claims are plausible.

#### a. Sixth and Eighth Amendments

The Sixth Amendment guarantees indigent defendants the right to counsel during critical stages of state or federal criminal prosecutions. *Turner v. United States*, 885 F.3d 949, 952 (6th Cir. 2018). The Eighth Amendment protects incarcerated persons from the imposition of cruel and

unusual punishment. *Rafferty v. Trumbull Cty.*, 915 F.3d 1087, 1093 (6th Cir. 2019). As Slatery points out, the Sixth Circuit has held that the Sex Offender Registration Act is a civil, regulatory statute that does not impose criminal punishment. *Doe v. Bredesen*, 507 F.3d 998, 1004 (6th Cir. 2007); *see also Cutshall v. Sundquist*, 193 F.3d 466, 477 (6th Cir. 1999) (considering an earlier version of the Act). Burns therefore cannot show that the Act itself violates his Sixth or Eighth Amendment rights and his claims under these constitutional provisions should be dismissed.

### b. Fourteenth Amendment

Burns has not specified whether his claims under the Fourteenth Amendment sound in procedural due process, substantive due process, equal protection, or some combination thereof. His amended complaint and response in opposition to Slatery's motion to dismiss hint at a protected interest in living in his mother's home and suggest that "sex offenders are selectively discriminated against" by registration requirements. (Doc. No. 23, PageID# 118.) But Burns's bare allegations, even broadly construed, are insufficient to state any plausible claims for relief under the Fourteenth Amendment.

To the extent Burns seeks to challenge the Sex Offender Registration Act on procedural due process grounds, his claim is foreclosed by the Supreme Court's opinion in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003). There, the Supreme Court held that procedural due process claims against sex offender registration laws that, like Tennessee's law, turn on the fact of an individual's conviction for a particular offense are not cognizable because "convicted offender[s] ha[ve] already had a procedurally safeguarded opportunity to contest" the fact of their conviction. *Id.* at 7; *see also Duarte v. City of Lewisville*, 858 F.3d 348, 352–53 (5th Cir. 2017) (holding that city ordinance prohibiting convicted sex offenders from residing within 1,500 feet of places where children commonly gather did not violate plaintiff's right to procedural due process).

A substantive due process claim fares no better in Burns's pleadings. "In order to adequately assert a substantive due process claim, a plaintiff generally must allege 'that a statute or government action burdens a fundamental right and cannot withstand strict scrutiny.'" *Beydoun v. Sessions*, 871 F.3d 459, 467 (6th Cir. 2017) (quoting *Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006)). Burns has not adequately pleaded a protected liberty interest. While he alleges that he "is unable to obtain meaningful employment because of [his] [c]onviction" for a sex offense, that allegation turns on the fact of his conviction and not on the Sex Offender Registration Act. (Doc. No. 9, PageID# 54, ¶ 7.) His allegation that he "has been notified and instructed by the Columbia Police Department to move from his mother's home[,]" even broadly construed, at most hints at a protected liberty interest in choosing where he lives. (*Id.* at ¶ 8.) But federal courts have rejected the argument that this interest merits heightened constitutional protection in a substantive due process analysis. In *Doe v. Miller*, 405 F.3d 700 (8th Cir. 2005), the Eighth Circuit examined a similar substantive due process claim at length before holding that an Iowa statute prohibiting convicted sex offenders from residing within 2,000 feet of a school or child care facility did "not implicate a constitutional liberty interest that has been elevated to the status of [a] 'fundamental right,'" and the law was therefore not subject to strict scrutiny. *Id.* at 714. Other federal courts have likewise declined to recognize a fundamental right to live where one chooses and have applied rational basis review to claims that sex-offender residency restrictions violate substantive due process rights. *See, e.g.*, *Duarte v. City of Lewisville*, 136 F. Supp.3d 752, 785 (E.D. Tex. 2015) (finding that federal and state "courts have determined there is no fundamental right to live where one pleases" and apply rational basis review (quoting *Graham v. Henry*, No. 06 CV 381, 2006 WL 2645130, at *7 (N.D. Okla. Sept. 14, 2006))); *Wallace v. New York*, 40 F. Supp. 3d 278, 328 n.47 (E.D.N.Y. 2014) (finding that a person's "right to 'live where they so choose' . . . is not

fundamental to our constitutional order" and that laws restricting that right "are solely subject to rational basis review" (citation omitted)); *Spangler v. Collins*, No. 2:11-cv-00605, 2012 WL 1340366, at *5–6 (S.D. Ohio Apr. 16, 2012) (finding that Ohio law prohibiting convicted sex offenders from residing within 1,000 feet of any school, preschool, or child care center did "not implicate a fundamental right" and applying rational basis standard). In so doing, federal courts examining similar residency restrictions have found that the restrictions are rationally related to a legitimate government interest in protecting children from sexual abuse. *See Miller*, 405 F.3d at 714–16; *Duarte*, 136 F. Supp. 3d at 786–87; *Spangler*, 2012 WL 1340366, at *6; *Doe v. Baker*, No. 1:05-CV-2265, 2006 WL 905368, at *7 (N.D. Ga. Apr. 5, 2006). Burns has not alleged that the State of Tennessee lacked a rational basis for imposing residency restrictions on him and he has not pleaded any facts that would allow the Court to draw such an inference.[3] He thus has not stated a plausible claim for relief on substantive due process grounds.

Finally, Burns has failed to state a plausible claim for relief under an equal protection theory. "The Equal Protection Clause prohibits states from making distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Does v. Munoz*, 507 F.3d 961, 966 (6th Cir. 2007) (quoting *Wilson v. Morgan*, 477 F.3d 326, 333 (6th Cir. 2007)). As explained above, Burns has not sufficiently pleaded a burden to his fundamental rights. The Sixth Circuit has held that sex offenders are not a suspect class and that laws treating them differently from other

---

[3] *Cf. In re Taylor*, 343 P.3d 867, 880–82 (Cal. 2015) (holding that state-law residency restrictions for sex offenders lacked rational relationship to California's interest in protecting children from sexual predators where petitioners pleaded and later introduced evidence showing that "the residency restrictions place burdens on petitioners . . . that 'are disruptive in a way that hinders their treatment, jeopardizes their health and undercuts their ability to find and maintain employment, significantly undermining any effort at rehabilitation'" (citation omitted)).

offenders are subject to rational basis review. *Munoz*, 507 F.3d at 966. Further, the Sixth Circuit "has already held that the [S]tate [of Tennessee] has a rational basis for treating sex offenders differently from other offenders . . . ." *Id.* (citing *Cutshall*, 193 F.3d at 482–83 (holding that "Tennessee has established legitimate concerns about law enforcement and public safety with respect to sex offenses")). Burns has not pointed to any contrary authority, and the Court is not aware of any.

Consequently, Burns has not stated any plausible claims for relief under the Fourteenth Amendment.

### IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court DENY Plaintiff Burns's motion to amend (Doc. No. 22) and GRANT Defendant Slatery's motion to dismiss (Doc. No. 19).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of October, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge